FILED

2009 May-27  AM 11:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

WACHOVIA BANK, NATIONAL
ASSOCIATION,

_____Plaintiff,

vs.                                                 CASE NO. CV-08-J-1416-NE

MBTECH SYSTEMS, INC., and
WILLIAM MICHAEL HALL,

     Defendants.

## MEMORANDUM OPINION

Pending before the court is plaintiff Wachovia Bank, National Association's ("Wachovia") motion for summary judgment (doc. 21), evidence in support of said motion (doc. 23), and memorandum in support of its motion (doc. 22).  Defendants MBTech Systems, Inc. ("MBTech") and William Michael Hall ("Hall") filed a response in opposition to plaintiff Wachovia's motion for summary judgment and evidentiary submissions (doc. 26).

Having considered all the pleadings and submissions, the court concludes that plaintiff Wachovia's motion for summary judgment is due to be granted as no genuine issues of material fact remain, and plaintiff Wachovia is entitled to a judgment in its favor as a matter of law.

## I. Procedural History

Plaintiff Wachovia filed a complaint (doc. 1) against defendants MBTech, Hall, and Ernest R. Tanner, II, asserting breach of contract by the borrowers, breach of contract by the guarantor, and attorneys' fees.  Default judgment was entered against defendant Tanner on September 22, 2008 (doc. 8) when defendant Tanner failed to appear or defend.

## II. Factual Background

Wachovia made a loan to defendants MBTech and Hall on February 9, 2005, in the maximum principal amount of $150,000.  Ford Decl. ¶ 4, Exhibit 1 to Plaintiff's Summary Judgment.  The promissory note provided that the borrowers have an obligation to pay the principal and interest of the loan, and the holder of the note is entitled to recover costs and expenses, including attorneys' fees, incurred when collecting under the note.  *Id.* at ¶ 6, Promissory Note, Exhibit A to Plaintiff's Complaint.

Pursuant to a Forbearance and Modification Agreement between Wachovia and defendants, the maturity date of the note was extended to January 21, 2008.  Ford Decl. ¶ 7, Exhibit 1 to Plaintiff's Summary Judgment; Forbearance and Modification Agreement, Exhibit C to Plaintiff's Complaint.  The loan matured pursuant to the terms of the Forbearance Agreement on January 21, 2008, and defendants failed to

2

pay all amounts due under the loan documents on or after the maturity date.  Ford Decl. ¶¶ 7-8, Exhibit 1 to Plaintiff's Summary Judgment.

Wachovia sent demand letters to defendants on January 23, 2008; February 27, 2008; March 17, 2008; and July 15, 2008.  *Id.* at ¶ 9; Demand Letters, Exhibit E to Plaintiff's Complaint.  As of April 24, 2009, the amount outstanding on the loan, exclusive of attorneys' fees and costs, is $154,276.12, consisting of principal in the amount of $139,993.19, accrued interest in the amount of $13,805.34, and late fees in the amount of $477.59.  Ford Decl. ¶ 11, Exhibit 1 to Plaintiff's Summary Judgment.  Interest continues to accrue at the rate of $38.89 per diem.  *Id.*  As of April 24, 2009, the attorneys' fees and expenses incurred in collecting under the note totaled $11,759.95.  Woodard Decl. ¶ 6, Exhibit 2 to Plaintiff's Summary Judgment.

In Defendants' Answers to Plaintiff's Interrogatories, defendants admitted that they are indebted to Wachovia under the note.  Defendants' Answers to Plaintiff's Interrogatories, Response 5, Exhibit 4 to Plaintiff's Summary Judgment.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 322 (1986).  As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.*, 477 U.S. at 322-23.  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; Fed. R. Civ. Pro. 56(e).  In meeting this burden the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  That party must demonstrate that there is a "genuine issue for trial."  Fed. R. Civ. Pro. 56(e); *Matsushita*, 475 U.S. at 587.  *See also Anderson v. Liberty Lobby, Inc.*, 477

4

U.S. 242, 249 (1986).

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir. 1991). However, the court should not make credibility determinations, nor weigh the parties' evidence. *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

## IV. Legal Analysis

Alabama law provides that a promissory note is prima facie evidence of the holder's "right to recover the face of the note, interest, and, upon proof of their value, its attorney's fees." *Chilton Warehouse & Mfg. Co. v. Lewis*, 57 So. 100, 101 (Ala. App. 1911); *see SouthTrust Bank v. Donely,* 925 So.2d 934, 940 n.9 (Ala. 2005). In *Griffin v. American Bank*, 628 So.2d 540, 543 (Ala. 1993), the Alabama Supreme

Court ruled that the bank was entitled to summary judgment on a promissory note where the bank's president submitted his affidavit and testimony and attached a copy of the promissory note to the affidavit.

Jason Ford, the Assistant Vice President of Wachovia, has submitted an affidavit stating that Wachovia made a loan to defendants MBTech and Hall on February 9, 2005, in the maximum principal amount of $150,000.  Ford Decl. ¶ 4, Exhibit 1 to Plaintiff's Summary Judgment.  He further stated that defendants failed to pay all amounts due under the loan documents on or after the maturity date of January 21, 2008.  Ford Decl. ¶¶ 7-8, Exhibit 1 to Plaintiff's Summary Judgment. Ford provided that as of April 24, 2009, the amount outstanding on the loan, exclusive of attorneys' fees and costs, is $154,276.12, consisting of principal in the amount of $139,993.19, accrued interest in the amount of $13,805.34, and late fees in the amount of $477.59.   Ford Decl. ¶ 11, Exhibit 1 to Plaintiff's Summary Judgment.  Interest continues to accrue at the rate of $38.89 per diem.  *Id.*  Jason Woodard, an attorney for plaintiff Wachovia, submitted an affidavit stating that as of April 24, 2009, the attorneys' fees and expenses incurred in collecting under the note totaled $11,759.95.  Woodard Decl. ¶ 6, Exhibit 2 to Plaintiff's Summary Judgment. He further stated that he was familiar with the fees customarily charged to clients having businesses similar to that of Wachovia by law firms in the Birmingham area

in connection with litigation of the same or similar nature as this action. *Id.* at ¶ 3. Woodard then stated that the fees claimed by plaintiff are reasonable. *Id.* at ¶ 7. Defendants have failed to provide this court with any evidence that plaintiff's fees are not reasonable. Defendants' subjective belief that the fees sought are unreasonable is not sufficient to survive summary judgment. *See Golden Oil Co., Inc. v. Exxon Co., U.S.A.*, 543 F.2d 548, 551 (5th Cir. 1976) (stating that the "court will affirm summary judgment granted on an account, pleaded in adequate detail, where there is no dispute of fact"); *Wachovia Bank, National Ass'n v. Johnson*, 2009 WL 1383315, *5 (S.D. Ala. 2009) (finding that the party opposing summary judgment did not submit any evidence to dispute the movant's affidavit detailing attorneys' fees, and such fees were reasonable under the circumstances). This evidence, coupled with defendants' admission that they are indebted to plaintiff Wachovia under the note, is ample evidence to grant summary judgment in plaintiff Wachovia's favor. *See* Defendants' Answers to Plaintiff's Interrogatories, Response 5, Exhibit 4 to Plaintiff's Summary Judgment.

## V. Conclusion

Having considered the foregoing and finding that defendants have failed to establish any genuine issue of material fact sufficient to allow this case to proceed to trial, the court **ORDERS** that plaintiff's motion for summary judgment be and hereby

is **GRANTED**.  The court shall so rule by separate Order.

  **DONE** and **ORDERED** this 27th day of May 2009.

                   _____

                   INGE PRYTZ JOHNSON
                   U.S. DISTRICT JUDGE